In re Alfred A. McNAMEE, Debtor.

Alfred A. McNAMEE, Plaintiff.

v.

Nancy Hood McNAMEE and Henry L. Kaye, Defendants.

Bankruptcy No. 80–01546–BKC–TCB.

Adv. No. 81–0638–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

Jan. 21, 1982.

Angus Campbell, West Palm Beach, Fla., for plaintiff.

Henry L. Kaye, West Palm Beach, Fla., for defendants.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor seeks a determination of dischargeability under 11 U.S.C. § 523(a)(5) of a debt owed his ex-wife, and an injunction against the wife and her attorney for alleged continuing violations of the automatic stay. 11 U.S.C. § 524(a)(2). (C.P. No. 1). The wife has answered. (C.P. No. 5). The matter was tried on January 5.

There is no indication that either the wife or her attorney has acted in contempt of the automatic stay in the parties' divorce proceedings, the basis for the requested injunction. That prayer is denied.

The debtor is an attorney who retired from the Judge Advocate General Corps after twenty years of service and entered private law practice in 1979. He borrowed $15,000 to set up his office. The parties were married at the time and the wife co-signed the note in 1979.

The parties were divorced on December 19, 1980. The debtor filed for bankruptcy three weeks before the final decree. The note was listed among his debts and the wife was listed as a creditor with a contingent claim against the debtor for the unpaid note. The debtor received a discharge on March 3, 1981. Two weeks later judgment was entered against the wife for $19,303 on the note.

It is the wife's position that her claim is non-dischargeable under 11 U.S.C. § 523(a)(5), which excepts from discharge any debt:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in

connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

■ A Separation and Property Settlement Agreement between these parties was incorporated into the final decree entered shortly after bankruptcy and long before discharge. Paragraph XIII of the Agreement provides that:

"[e]ach of the parties hereto shall be responsible for the payment of all bills incurred by such party prior to the date this Agreement is entered into by both parties. 'Bills' are defined [in the Agreement] to be charge accounts and obligations which accrue and are incurred in the ordinary course of events on a daily basis by a Husband and Wife."

Until the filing of this complaint, the debtor had always assured his wife that he would be responsible for office expenses. I find that he reaffirmed that obligation through the quoted provision. I also find that the reaffirmation requirements of § 524(c) and (d) were met in this instance.

The foregoing findings make it unnecessary to determine whether this debt falls within § 523(a)(5). However, I agree with the wife that it does. It is clear to me that the alimony and support provisions made by the divorce decree in this instance presumed that the wife would not be obliged to pay any bill incurred by the husband before the decree, much less a $19,303 bill for his law office. The wife would be forced to sell or mortgage the house which shelters her and their minor son. 3 *Collier on Bankruptcy* (15th ed.) ¶ 523.15[3] n. 14. To conclude that the debtor's pre-bankruptcy commitment to hold her harmless from this joint obligation is now dischargeable would obviously defeat the clear purpose of § 523(a)(5). *Matter of Crist*, 5 Cir. 1980, 632 F.2d 1226, 1233.

If I am mistaken and the circumstances of the parties resulting from this decision are inconsistent with the intentions of the very able judge who decreed the level of support in this instance, that court has the means to adjust the provisions in the light of this or any other changed circumstance.

It has been suggested in argument that the wife could readily discharge this debt by also filing for bankruptcy and at one point she was urged to do so. This court cannot presume to advise the wife to file or not to file for bankruptcy. However, if she did so in this instance, the $19,303 loss would fall on an innocent third party rather than on the debtor, who occupied the law office the money paid for. On equitable grounds, I agree with her decision to resist this proceeding rather than to file for bankruptcy.

As is required by B.R. 921(a), a separate judgment will be entered denying the injunctive relief sought by the debtor and declaring that the debtor has reaffirmed his obligation to pay the parties' joint obligation to the First Bank and Trust of Palm Beach County or, alternatively, declaring that this obligation is non-dischargeable under § 523(a)(5). Costs will be taxed on motion.